**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

**(1) JOHNNY ROE,**
**(2) SHELBY ROE, and**
**(3) JACOB ROE,**

**Plaintiffs,**

**v.**

**(1) ZURICH AMERICAN INSURANCE COMPANY,**

**Defendants.**

**Case No.** CIV-16-1079-R
**(Oklahoma County District Court No. CJ-15-5891)**

**DEFENDANT ZURICH AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL**

COMES NOW Defendant Zurich American Insurance Co., pursuant to 28 U.S.C. §§ 1441 and 1446, and files this notice of removal of the above-titled action from the District Court of Oklahoma County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

**DEFENDANT'S STATEMENT OF GROUND FOR REMOVAL**

**A. FACTS**

1. Plaintiffs are individuals who are residents and citizens of Oklahoma, both now and at the time of the commencement of this lawsuit.

2. Defendant is a corporation organized under the laws of New York, with its principal place of business in the State of Illinois.

3. On October 28, 2015, Plaintiffs filed a petition in state court, Oklahoma County, Oklahoma, against Autumn Joy Brown, an Oklahoma citizen, asserting a claim

of negligence as a result of an auto accident, and seeking damages in excess of $75,000.00, exclusive of interest and costs. (Exhibit # 1, Petition).

4. On December 7, 2015, Plaintiffs filed an amended petition, adding Defendant as an additional defendant, and asserting that Defendant had a policy of uninsured/underinsured motorist insurance coverage and a policy of medical payment insurance coverage, both "in favor of Plaintiffs," and again seeking damages in excess of $75,000.00, exclusive of interest and costs. (Exhibit # 2, Amended Petition).

5. On December 10, 2015, Plaintiffs' amended petition as served upon Defendant through the Oklahoma Insurance Department. (Exhibit # 10).

6. On August 19, 2016, Plaintiffs dismissed their claim against Brown, the Oklahoma citizen, with prejudice. (Exhibit # 3, Dismissal With Prejudice).

7. This Court has jurisdiction because of the complete diversity of citizenship of the parties hereto, and the sufficiency of the amount in controversy, pursuant to 28 U.S.C. § 1332(a)(1).

8. In accordance with 28 U.S.C. § 1446(a) and LCvR 81.2, copies of all documents served on Defendant in the case to date, along with a copy of the Docket Sheet, are submitted with this Notice of Removal. (Exhibit # 1, Petition; Exhibit # 2, Amended Petition; Exhibit # 3, Dismissal With Prejudice; Exhibit # 4, Special Appearance of Zurich American Insurance Company and Reservation of Time In Which To Further Answer or Plead; Exhibit # 5 Defendant Zurich American Insurance Company's Special Appearance and Motion to Dismiss Plaintiffs' Amended Petition; Exhibit # 6, Plaintiffs' Response to Defendant Zurich Insurance Company's Motion to

Dismiss Plaintiff's Amended Petition; Exhibit #7, Special Appearance and Motion to Dismiss; Exhibit #8 Special Appearance of Zurich American Insurance Company; Exhibit # 9, Docket Sheet; Exhibit # 10, Service).

**B. DIVERSITY**

This Notice of Removal is filed within 30 days of Plaintiffs' dismissal with prejudice of the only non-diverse defendant, Autumn Brown. It is therefore timely pursuant to 28 U.S.C. § 1446(b)(3), which states: "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The Tenth Circuit has interpreted the statute to mean that the removal "clock" begins to run "when the defendant is able to 'intelligently ascertain removability'. . . . this court requires clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an answer to interrogatory." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998). The Dismissal with Prejudice filed by Plaintiffs is such an "other paper," and this Notice of Removal is being filed with 30 days of that dismissal.

Plaintiffs' Notice of Removal is also in accord with the exception mentioned in the statute, § 1446(c)(1), which provides that a party has one year to remove from commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. The instant case's

petition was filed October 28, 2015, less than a year prior to the filing of this Notice of Removal.

Oklahoma federal courts have allowed removals in circumstances like the instant case. In *CSBO, LLC v. Eckman*, 2014 WL 2624434 (W.D. Okla. 2014), the district court found that because an agreed judgment had been entered that "effectively dismissed" the non-diverse party, diversity existed, and the diverse defendant had 30 days to remove under § 1446(b)'s deadline. And in *Turley v. Stilwell*, 2011 WL 1104543 (N.D. Okla. 2011). the district court relied on Professor Charles Alan Wright's *Federal Practice and Procedure* comment that where a plaintiff voluntarily drops from the state court action a party whose presence would defeat diversity (as Plaintiffs have done in the instant case), then "the case becomes removable even though diversity of citizenship did not exist when the state court action was commenced." *Turley* at 3.

## CONCLUSION

WHEREFORE, Defendant Zurich American Insurance Company respectfully pray that this Notice of Removal be accepted by this Court, and that the lawsuit proceed as an action properly removed to this Court's jurisdiction.

Respectfully submitted,

*s/Kelsie M. Sullivan*
Phil R. Richards, OBA #10457
Randy Lewin, OBA #16518
Kelsie M. Sullivan, OBA #20350
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.

525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449

**ATTORNEYS FOR DEFENDANT ZURICH AMERICAN INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of September, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Additionally, pursuant to 28 U.S.C. § 1446(d), true and correct copies of the Notice of removal were mailed, postage prepaid, to the following:

Tim Rhodes
Oklahoma County Court Clerk
320 South Robert S. Kerr Avenue, Room 409
Oklahoma City, OK 73102

Dacia Abel, Esq.
Ed Abel, Esq.
ABEL LAW FIRM
900 N.E. 63rd St.
Oklahoma City, Oklahoma 73105
**ATTORNEYS FOR PLAINTIFFS**

*s/Kelsie M. Sullivan*